■ LEON HIMES, Appellant, v. McKINLAY-SMYTH, INC., Respondent.— Judgment unanimously modified on the law and facts in accordance with the memorandum and as modified affirmed, with costs to the appellant. Memorandum: The admitted allegations of the pleadings establish that in the year 1948 plaintiff and defendant's predecessor in title, Lander, mutually orally agreed that a right of way across plaintiff's premises theretofore vested in Lander and used by him, be relocated at the east end of plaintiff's property. Thereafter use of the old right of way was discontinued and the new right of way has since then been used by the owners of the property now owned by defendant. The principal controversy between the parties concerns the size and location of the new right of way. The old right of way was 10 feet wide and ran north from State Street 85 feet through plaintiff's lands to Lander's property. In the absence of any other proof it might well be inferred that the parties intended the new right of way would also be 10 feet wide and would run along plaintiff's east line. The intention of the parties, however, could also be evidenced by the contemporary interpretation and practical construction which they placed on the agreement by their acts in the use of the right of way. While contemporary acts of the contracting parties, Himes and Lander, in carrying out their agreement would tend to show their intention, the acts of independent truckers with no knowledge of the agreement would not. (12 Am. Jur., Contracts, pp. 790, 791; Niagara Falls Int. Bridge Co. v. Grand Trunk Ry. Co., 212 App. Div. 705, 710, mod. 241 N. Y. 85.) Evidence of acts of Lander performed within a reasonable time after closing of the old driveway and opening of the new one (such as grading and gravelling the roadway or driving vehicles thereon) which were viewed by and acquiesced in by Himes was properly considered in determining the intent of the parties. Plaintiff testified that he moved lumber from the east end of his lot. Lander graded it in and acquired a space at the east end approximately 12 feet wide. It might have been 13. Two other witnesses, Gravelle and Vallier, testified that they could not estimate the width of the roadway as then used by Lander. The evidence was sufficient to establish an intention of plaintiff and Lander that the new right of way would be located along the east line of plaintiff's premises and would be 13 feet wide but was not sufficient to establish a greater width. The judgment should be modified by substituting a provision therein in place of paragraphs A and B thereof that defendant's easement and right of way over plaintiff's premises is adjacent to the east line thereof and is 13 feet wide. There is no proof that plaintiff has threatened to or might interfere with defendant's use of such right of way. Paragraph C of the judgment which enjoins plaintiff from doing so is unnecessary and should be stricken out. Findings of fact numbered 24, 27, 28, 31, 32, 33, 34 and 35 should be disapproved and reversed and a finding made that in the year 1948 Lander graded in and used a right of way adjacent to the

east end of plaintiff's premises 13 feet wide with the knowledge of plaintiff thereof and with plaintiff's acquiescence therein. (Appeal from judgment of Wayne Trial Term in favor of defendant establishing the location of an easement across plaintiff's property.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.